UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

THE CINCINNATI SPECIALTY
UNDERWRITERS INSURANCE
COMPANY,                                          Petitioner/Counter Defendant,

v.                                               Civil Action No. 3:14-cv-40-DJH-DW

C.F.L.P. 1, LLC,                                  Respondent/Counter Claimant.

* * * * *

## MEMORANDUM OPINION AND ORDER

Petitioner The Cincinnati Specialty Underwriters Insurance Co. (CSU) filed this action seeking appointment of an umpire to resolve its insurance-coverage dispute with Respondent C.F.L.P. 1, LLC, d/b/a Arcadia Apartments (Arcadia). (Docket No. 1) After extensive briefing and argument, an umpire was appointed (*see* D.N. 78; D.N. 101), and an appraisal award was issued. (*See* D.N. 106) CSU has now moved for summary judgment on Arcadia's remaining counterclaims of bad faith, which were bifurcated from the appraisal dispute. (D.N. 111; *see* D.N. 81) CSU's motion prompted yet another flurry of briefs from Arcadia's counsel, who sought a scheduling conference on the counterclaims and an extension of the response deadline to allow for discovery concerning CSU's alleged bad faith. (D.N. 112; D.N. 117) Those motions were denied by Magistrate Judge Dave Whalin, who concluded that Arcadia had failed to demonstrate a need for discovery or a litigation schedule as to the counterclaims. (D.N. 123) Arcadia has also moved for leave to file a surreply in opposition to the summary-judgment motion. (D.N. 121) For the reasons explained below, the motion for leave to file a surreply will be denied, and CSU's motion for summary judgment will be granted.

1

# I.

This case arises out of a hail-damage claim submitted under a commercial-property insurance policy CSU issued to Arcadia. CSU paid $24,522.25 on the claim to cover damage to siding on some of Arcadia's buildings, but Arcadia maintained that it was entitled to more. (D.N. 1, PageID # 2) To resolve the dispute, CSU invoked the policy's appraisal provision, which provides:

> [E]ach party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding.

(D.N. 7-2, PageID # 23) CSU's appraiser, Marty Refka, appraised the siding-damage loss at approximately $29,000, while Arcadia's appraiser, Richard Michelson, determined that the loss was more than $1,000,000. (D.N. 7-1, PageID # 19) Refka and Michelson were unable to agree on an umpire, and so CSU filed this action petitioning the Court to appoint one. (D.N. 1)

CSU proposed three candidates for umpire, all of whom Arcadia claimed were biased in favor of insurance companies in general or CSU in particular. (*See* D.N. 23, PageID # 409-11) The Court rejected Acadia's contention that a retired judge or other mediator would be preferable, concluding that the policy contemplated an umpire with appraisal experience. (*See* D.N. 78, PageID # 1475) The Court appointed CSU's third nominee, Jeff Turley, based on Turley's "extensive experience serving as an umpire" and Arcadia's failure to offer specific objections concerning his supposed bias. (*Id.*, PageID # 1476) Shortly thereafter, Arcadia moved to disqualify Turley on the ground that he had a "pecuniary relationship with CSU." (D.N. 82, PageID # 1488) Following voir dire of Turley and supplemental briefing on the issue

(*see* D.N. 98), the Court concluded that Turley was capable of serving as an impartial umpire.

(D.N. 101)  The Court explained its decision as follows:

> During the March 16 conference, Turley stated that NCA Group—which purchased his company, Turco, in 2013 and may handle claims for [CSU]—is not his employer, does not limit the parties for whom he may perform appraisals, and plays no other role in selecting or approving his appraisal assignments.  His compensation is not tied to NCA Group, and he would suffer no adverse consequences from NCA Group if he ruled against CSU in this matter; nor does he have any other interest, financial or otherwise, in the outcome of the dispute between CSU and Arcadia.  In short, the Court finds no grounds to disqualify Turley.

(D.N. 101, PageID # 1657-58)

The parties proceeded with the appraisal, and Turley issued an appraisal award of $94,326.05.  (*See* D.N. 106)  Refka agreed with the award, thus rendering it binding under the policy.  (*Id.*; *see* D.N. 7-2, PageID # 23)  When the parties failed to agree to a final resolution of the case (*see* D.N. 110), CSU moved for summary judgment on Arcadia's remaining counterclaims.  (D.N. 111)  Arcadia opposes the summary-judgment motion (D.N. 116) and also seeks leave to file a surreply, purportedly to address issues raised for the first time in CSU's reply.  (D.N. 121)  CSU opposes Arcadia's request.  (D.N. 122)

The Court agrees with CSU that the proposed surreply neither addresses a new argument nor adds anything of substance to the parties' briefing.  It thus will not be permitted.  And because Arcadia has failed to establish a genuine issue of material fact as to its counterclaims, the Court will grant CSU's motion for summary judgment.

## II.

Summary judgment is required when the moving party shows, using evidence in the record, "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see* 56(c)(1).  For purposes of summary

judgment, the Court must view the evidence in the light most favorable to the nonmoving party. *Loyd v. Saint Joseph Mercy Oakland*, 766 F.3d 580, 588 (6th Cir. 2014) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). However, the Court "need consider only the cited materials." Fed. R. Civ. P. 56(c)(3); *see Shreve v. Franklin Cty., Ohio*, 743 F.3d 126, 136 (6th Cir. 2014). If the nonmoving party "fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c)," the fact may be treated as undisputed. Fed. R. Civ. P. 56(e)(2)-(3). To survive a motion for summary judgment, the nonmoving party must establish a genuine issue of material fact with respect to each element of each of his claims. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

CSU argues that summary judgment is warranted here because there is no evidence to support the allegations underlying Arcadia's bad-faith claims. (D.N. 111-1, PageID # 1685-88) Counts II and III of Arcadia's counterclaim allege bad faith under the Kentucky Unfair Claims Settlement Practices Act and Kentucky common law, respectively. (D.N. 8, PageID # 44-46) To prevail on either cause of action, Arcadia must establish that (1) CSU "was obligated to pay the claim"; (2) CSU "lacked a reasonable basis for denying the claim"; and (3) CSU "knew that it lacked a reasonable basis for denying the claim or acted with reckless disregard for whether there was a reasonable basis for denying the claim." *Cox v. Empire Fire & Marine Ins. Co.*, 637 F. App'x 904, 907 (6th Cir. 2016) (citing *Wittmer v. Jones*, 864 S.W.2d 885, 890 (Ky. 1993)). "Kentucky's evidentiary standard is high: a plaintiff must show that the 'insurer has engaged in outrageous conduct' and that this conduct was 'driven by evil motives or by an indifference to its insureds' rights.'" *Id.* (quoting *United Servs. Auto. Ass'n v. Bult*, 183 S.W.3d 181, 186 (Ky. Ct. App. 2003)).

As an initial matter, CSU notes that it did not deny Arcadia's hail-damage claim, but simply paid less than Arcadia thought was appropriate. (D.N. 111-1, PageID # 1685-86) Arcadia does not dispute this point; instead, it argues that CSU acted in bad faith in connection with the appraisal process. (*See* D.N. 116, PageID # 1710) Specifically, Arcadia contends that CSU nominated biased candidates to serve as umpire. (*Id.*; *see* D.N. 8, PageID # 44)

Neither Arcadia's counterclaim nor its response to the summary-judgment motion suggests the existence of any proof on this point, however. Arcadia previously submitted evidence that it believed would establish the purported bias. (*See* D.N. 78, PageID # 1475-76 (discussing Arcadia's claims of bias and evidence offered in support)) None of that evidence supports Arcadia's bad-faith claims. (*See id.* & n.5) While one of the candidates, Gilbert Arnold, was disqualified due to his involvement as an expert witness for CSU in another case, that alone does not establish that he was impermissibly biased, much less that CSU nominated him in bad faith. *See Upington v. Commonwealth Ins. Co.*, 182 S.W.2d 648, 650 (Ky. 1944) (citations omitted) ("The fact that each [appraiser nominated by an insurance company] had on prior occasions acted as appraisers for insurance companies . . . does not disqualify them."). There is simply nothing in the record indicating that CSU "'has engaged in outrageous conduct' . . . [that] was 'driven by evil motives or by an indifference to its insureds' rights.'" *Cox*, 637 F. App'x at 907 (quoting *Bult*, 183 S.W.3d at 186).

The Court acknowledges that Arcadia has sought (and been denied) the opportunity to take discovery on its bad-faith claims. Most recently, Arcadia's counsel submitted an affidavit pursuant to Federal Rule of Civil Procedure 56(d) seeking "an extension of time to conduct discovery before" the Court considers CSU's motion for summary judgment. (D.N. 117-1, PageID # 1718) Judge Whalin found the affidavit inadequate, noting that in the Sixth Circuit, "a

motion under Rule 56(d) may be properly denied where the requesting party 'makes only general and conclusory statements [] regarding the need for more discovery.'" (D.N. 123, PageID # 1751 (alteration in original) (quoting *Ball v. Union Carbide Corp.*, 385 F.3d 713, 720 (6th Cir. 2004))) Because the affidavit "offer[ed] only a vague explanation of what [Arcadia] hopes to uncover if additional discovery is permitted" and the Court's prior questioning of Turley resolved the issue of his alleged relationship with CSU, Judge Whalin denied Arcadia's Rule 56(d) request. (D.N. 123, PageID # 1751-54) The Court fully agrees with Judge Whalin's conclusion—in nearly four years of litigation, Arcadia has uncovered nothing to justify a further fishing expedition.

## III.

Throughout countless briefs, Arcadia has alluded to nefarious actions and intent on CSU's part. (*See, e.g.*, D.N. 23; D.N. 76; D.N. 82; D.N. 116) Ultimately, however, the record contains no proof supporting these allegations, and Arcadia has not shown that any is likely to be discovered. (*See* D.N. 117-1; D.N. 123) Summary judgment on Arcadia's remaining counterclaims is therefore appropriate. Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1)     CSU's motion for summary judgment (D.N. 111) is **GRANTED**.

(2)     Arcadia's motion for leave to file a surreply (D.N. 121) is **DENIED**.

(3)     A separate judgment will be entered this date.

November 9, 2017

**David J. Hale, Judge**
**United States District Court**